## HATTIE DRAKE v. STATE.

No. A-5235. Opinion Filed Jan. 9, 1926.
(242 Pac. 284.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted of a violation of the prohibitory liquor law. Various errors are assigned in the brief as a ground for reversal. The record discloses that certain officers, without a search warrant, went to the residence of the defendant, and found a keg of choctaw beer buried in the henhouse, which upon analysis, was found to contain 3 per cent. of alcohol measured by volume. The defendant throughout the trial objected to the introduction of this evidence, for the reason it was obtained by an unlawful search. The only justification for this search without a warrant is in the evidence of one witness who testified that he "thinks" the defendants said to one of the party: "Go ahead and look." The other witnesses who were present do not corroborate him on this point. Other witnesses, including the defendant, testify positively that no permission or assent to search was made. The statute points out the method by which a legal search may be made. This court has had occasion frequently to pass upon this statute, holding that a search of the person, premises, or residence of any person is unreasonable, unless the officers searching shall have obtained a search warrant in conformity to law, or unless

such shall be expressly waived. A search without a warrant, unless waived, is a violation both of the Bill of Rights and the statute. There is no difficulty in complying with these requirements of the law. There was no attempt to comply in this case, and the search was illegal, and the objection to the introduction of evidence obtained by such search should have been sustained.

The case is reversed, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.